IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN EAGLE OUTFITTERS, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-607 |
| v. | ) ) | Magistrate Judge Caiazza |
| LYLE & SCOTT LIMITED, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

### ORDER

Having considered the Plaintiffs' Response (Doc. 43) to the Show Cause Order, the court will dismiss with prejudice the tortious inference with contract claims and unseal the Memorandum and Order dated April 12, 2007.

A.   **Tortious Interference**

The Plaintiffs urge the court not to dismiss these claims, stating:

> The Court has found that HW is a party to the coexistence agreement because it exercised significant control over L&S for purposes of the coexistence agreement. . . . Based on that finding, [the Plaintiffs] agree that HW, Ms. Watson and Mr. Harris cannot have tortiously interfered with the coexistence agreement as they are parties to, or officers/directors of parties to, that agreement. . . .
>
> [Counsel] anticipate[s] that the [D]efendants will seek to prove later in this action, or will argue on appeal, that HW did not control L&S sufficiently to find that it is a party to the coexistence agreement.  If [the D]efendants are successful in that effort, HW (and Ms. Watson and Mr. Harris) would then be independent third parties that would be capable of interfering with the coexistence agreement.

> Absent a representation by L&S and HW that they will not challenge the Court's finding, either in this action or any appeal therefrom, [the Plaintiffs] should be permitted to maintain their claim of tortious interference as an alternative form of recovery against HW, Ms. Watson and Mr. Harris.

*See* Pl.'s Resp. at 2.

Although the court is not entirely unsympathetic to the Plaintiffs' position, they have not shown how the tortious interference allegations can state a claim upon which relief may be granted. As the April 12th Memorandum explained:

> [A] tortious interference claim requires the plaintiff to plead and prove that it had a business relationship with a bona fide third party, *i.e.*, a party independent of the defendant. . . . Given AE's allegation that HW exercised control over L&S for the purposes of the coexistence agreement, it cannot now claim the subsidiary is a bona fide third party. *See, e.g.,* 16 Causes of Action § 6 (2006) ("[i]f the 'third party' with which the plaintiff alleges that it had a business relationship appears to be [a] . . . <u>representative of the defendant</u>, . . . there usually will be difficulty in demonstrating the 'third party's' independence"; "<u>[t]his frequently will be the case where the purported third party [shares] a [parent-]subsidiary [relationship with] the defendant</u>") . . . .

*Id.* at 10 (some citations, internal quotations, and emphasis in original omitted; current emphasis added).

The Plaintiffs have expressly averred that, when HW's Group Corporate Development Director Dennis Hall met with AE on January 9, 2006, he was acting as an "[a]uthorized representative[]" of L&S. *See* Am. Compl. (Doc. 26) at ¶ 16. The conduct of Defendants Watson and Harris has been likewise attributed. *Compare id.* at ¶ 20 ("[L&S] has sought to change the terms of the January 9, 2006 coexistence agreement, and [it] has threatened to commence legal action against AE") *with* Apr. 12th Mem. at 2-5 (summarizing Ms. Watson's

and Mr. Harris' alleged involvement in attempting to change terms of coexistence agreement and threatening legal action against AE). The Plaintiffs have held out HW, Ms. Watson and Ms. Harris as the authorized representatives of L&S, and AE therefore cannot "plead and prove" the subsidiary was a "bona fide third party." *See* discussion *supra*.

The Plaintiffs have not shown good cause why their tortious inference claims should be permitted to move forward, and Count IV is hereby **DISMISSED** for failure to state a claim upon which relief may be granted.

B. <u>**Sealing of the April 12th Memorandum and Order**</u>

The parties are in agreement that the aforementioned filing need not remain under seal. *See* Pls.' Resp. at 1-2. Consistent with the Third Circuit Court's recognition of the right of public access to judicial proceedings and records, the **SEAL** on the Memorandum and Order dated April 12, 2007 (**Doc. 42**) is hereby **LIFTED**. Finally, consistent with the court's text-only Order dated April 18, 2007, **the Defendants' Answer(s) are due May 14, 2007**.

THESE THINGS ARE SO ORDERED.

April 24, 2007

*[signature]*
Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

John R. McGinley, Esq.
Wendy West Feinstein, Esq.
Theodore R. Remaklus, Esq.
Susan B. Flohr, Esq.
Timothy D. Pecsenye, Esq.