IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN EAGLE OUTFITTERS, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-607 |
| v. | ) ) | Magistrate Judge Caiazza |
| LYLE & SCOTT LIMITED, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

The parties have filed briefs regarding the documents sought by L&S in advance of Mr. Stafford's Rule 30(b)(6) deposition, and the court now enters its rulings.

At the onset, the undersigned notes that the issues now addressed are quite difficult to meaningfully adjudicate on paper alone. Rather, the parties' disputes would appear better suited for a dialogue between counsel, with the typical "give and take" used to resolve the vast majority of discovery disputes arising within the context of civil litigation. In any event, the court has agreed to take briefs and it will make best efforts to resolve the parties disputes and/or provide guidance for further cooperation.

The Defendants primarily complain of the Plaintiffs' failure to provide documents regarding:

> AEO's creation, conception, selection, design, development and adoption of any Eagle design and/or logo, . . . the identity of all persons who were involved therewith, and the location of all documents relating thereto.

Defs.' Br. (Doc. 59) at 2 (quoting "Topic 1" of 30(b)(6) deposition). Defense counsel represents that the Plaintiffs' interrogatory responses identify fourteen individuals involved in the selection and adoption of AE's current Eagle design, but that no documents from them have been forthcoming.

Plaintiffs' counsel responds that the correspondence files of these individuals have not been requested by way of interrogatory, and that the court lacks sufficient documentation to "test the accusations of [the] Defendants." *See* Pls.' Opp'n Br. (Doc. 70) at 4.

The court must presume that there exists no impediment to L&S's issuing a subpoena *duces tecum* covering Topic 1 and, assuming it has not already done so, this would overrule the Plaintiffs' objection. For the sake of moving forward, the Plaintiffs are hereby ordered to produce any responsive, non-privileged documents within the company's possession, custody or control.

As to the Defendants' request for "emails, notes, meeting minutes, drawings or similar documents" responsive to Topic 1, Plaintiffs' counsel represents that such materials do not exist and, if they did, they would have been produced. *See id.* at 4-5. If the requested materials do not exist, they do not exist, and the court has no grounds for granting further relief.

L&S next objects to the Plaintiffs' assertion of privilege regarding trademark search documents. *See* Defs.' Br. at 2-4. AE argues that such materials are not responsive to Topic 1, but rather Topic 20, which addresses "investigations undertaken by [the] Plaintiffs to determine the availability and registrability of the Current AEO Eagle Design." *See* Pls.' Opp'n Br. at 5. Mr. Stafford is not being produced as a 30(b)(6) deponent regarding these matters, and counsel posits that a resolution of the privilege issue is not required before this witness' deposition.

As counsel recognizes, however, the assertion of privilege regarding trademark search documents will have to be addressed sooner or later.  To the extent Mr. Stafford has information regarding trademark searches, moreover, the topic arguably goes to the "development and adoption of" the Eagle design.  *See* discussion *supra* (quoting Topic 1).  The parties are instructed to confer and determine whether the trademark search documents are something regarding which Mr. Stafford can offer meaningful testimony, or whether his deposition may proceed with the understanding that the topic will be better addressed by a later 30(b)(6) deponent.[1]

The Defendants next attack the Plaintiffs' claims of privilege regarding hundreds of pages documents "prepared in anticipation of litigation."  *See* Defs.' Br. at 4.  AE responds that such documents are not necessarily attorney work product, but are protected under the attorney-client privilege.  *See* Pls.' Opp'n Br. at 6.

The court cannot determine, on the record before it, whether these documents have been identified as attorney-client privileged.  Assuming they have been, or will be, this changes the complexion of the inquiry entirely.  In refining their privilege log, the Plaintiffs should make best efforts to clarify the privilege asserted and to provide the Defendants sufficient grounds for assessing the validity of the same.

Both related to, and independent of, the issues identified above, the Defendants take issue with certain of the privilege log entries provided by the Plaintiffs.  *See* Defs.' Br. at 5-6, 6-7.  In response, Plaintiffs' counsel highlights comparable deficiencies in the Defendants'

---

[1] Although AE "reserves the right to provide legal support that" the trademark search documents are not subject to production, L&S's briefing appears to identify strong legal authority to the contrary.  *See* Defs.' Br. at 3-4 (citing persuasive authority).

privilege logs, and invokes the adage, "[what's good for the] goose [is good for] the gander." *See* Pls.' Opp'n Br. at 7.

Common wisdom also dictates that "two wrongs don't make a right." The parties are directed to work together to address any perceived deficiencies in their privilege log entries and, only if reasonable good-faith efforts are unable to resolve their disagreements, they can submit their log entries and corresponding documents for *in camera* review. If this becomes necessary, opposing counsel shall reach an agreed-upon date for the submission of their materials and the court will address them in one sitting. Counsel also shall make best efforts to not allow the privilege log issues to halt discovery in its tracks, and the court urges counsel to fashion creative solutions and narrow their disagreement to the extent reasonably possible.

Finally, the Defendants take issue with the Plaintiffs' production regarding Topic 2 of the Rule 30(b)(6) list, which addresses:

> AEO's first use, subsequent use and plans to use any Eagle design and/or logo, . . . the identity of all persons who were involved therewith, and the location of all documents relating thereto.

Defs.' Br. at 8. Defense counsel highlights the Plaintiffs' interrogatory responses indicating that AE's use of the mark commenced in October 2003, and notes that the documents provided show its first use in 2004. *Id.*

The Plaintiffs respond that the answers to L&S's inquiries are found in the documents already produced. *See* Pls.' Opp'n Br. at 8-9 (identifying documents by bates-number). Implicit in this assertion is AE's assurance that all responsive, non-privileged documents have been provided, and again the court has no basis for compelling further production.

The above rulings are about as much as the undersigned can do to resolve and/or provide guidance regarding documents subject to production in advance of Mr. Stafford's deposition. While the suggestion that a special master be appointed, at the shared cost of the parties, may have seemed a punitive measure given the context of the court's prior Order, it need not be viewed such. Indeed, should the parties desire a full-time neutral arbiter of discovery matters in this fact-intensive and legally complex case, the court is willing to make appropriate accommodations in the trial schedule to facilitate one's appointment.

As the case now stands, however, the court again must call upon counsel to work together reasonably and in good faith to resolve and/or narrow their areas of dispute. The court has not the luxury of making this case a full time concern, despite the fact that some legitimate areas of disagreement are apparent. Much as the court must balance its obligations to the these litigants with the many others appearing before it, counsel must temper their advocacy (and put aside any hard feelings or personal discord) so that this litigation may proceed in a timely and orderly fashion.

THESE THINGS ARE SO ORDERED.

September 25, 2007

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Cynthia E. Kernick, Esq.
Kirsten R. Rydstrom, Esq.
Theodore R. Remaklus, Esq.
Susan B. Flohr, Esq.
Timothy D. Pecsenye, Esq.
Dennis P. McCooe, Esq.