# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN EAGLE OUTFITTERS, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-607 |
| v. | ) ) | Magistrate Judge Caiazza |
| LYLE & SCOTT LIMITED, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The Plaintiffs' Motion (Doc. 186) to require the Defendants to file a responsive pleading to the Second Amended Complaint will be denied.

This case was filed in May 2006. *See* Compl. (Doc. 1). Nearly seventeen months later, in October 2007, the Plaintiffs sought leave to file their Second Amended Complaint. *See* Pls.' Mot. for Leave (Doc. 85). The Motion came shortly before the court and parties expended substantial efforts to appoint a special master, and in granting leave the court specifically relied on counsels' representations that the new claims were "already . . . part of [the] case by way of the Plaintiffs' affirmative defenses to the Defendants' Counterclaims" and would not "greatly burden the discovery process." *See* Order dated Nov. 7, 2007 (Doc. 98) at 1, 3; *see also id.* at 4 (noting recent efforts to appoint Special Master, and court's determination that Plaintiffs' amendments should not be allowed to "derail the carefully crafted case management plan recently put into place").

The court also expressed concern regarding the parties' litigating the Defendants' likely Rule 12(b)(6) arguments "while at the same time taking [extensive] discovery under the supervision of a special master." *Id.* at 4; *see also* Defs.' Br. in Opp'n to Mot. for Leave to Amend (Doc. 96) at 6-18 (arguing, among other things, that amendment would be futile because Plaintiffs' new pleadings fail to state claims for fraud, challenge to L&S's trademark application fails because USPTO rules permit reliance on foreign registrations, incontestable registrations are accorded conclusive presumption of validity under Lanham Act, and existence of registrations is not determinative of enforceable trademark rights). Accordingly, the undersigned directed the Defendants to plead or otherwise respond during the summary judgment proceedings, at a date to be set after the close of discovery. *See* Order at 4. The court anticipated this would "allow the parties to address all of their potentially dispositive arguments in a single, omnibus setting, thereby increasing the efficiency of [the] proceedings for the parties and the court alike." *Id.*

The Plaintiffs now seek to revisit these issues, claiming they have been prejudiced by the absence of a responsive pleading. *See generally* Pls.' Mot. at 2-3. Specifically, they take issue with the facts that discovery remains ongoing; summary judgment deadlines have not been established; and they do not know whether the Defendants intend to assert new counterclaims or defenses in their answer. *Id.* at 2. Counsel also posits that any Rule 12(b)(6) arguments have dissipated "in light of subsequent discovery" and AEO's expert report regarding L&S's alleged fraud. *Id.* at 3. Accordingly, the Plaintiffs ask that the Defendants be ordered to file an answer to the Second Amended Complaint within ten days. *Id.*

As an initial matter, it would be highly prejudicial to preclude L&S's potential Rule 12(b)(6) motion(s) based on the Plaintiffs' suggestion that the underlying arguments have been

extinguished. Irrespective of recent developments, it is the Defendants' prerogative to determine whether one or more of their arguments for dismissal remains viable. A central premise of the Plaintiffs' Motion, that L&S would simply elect to answer the amended pleadings rather than invoke Rule 12(b)(6), is currently without basis, and should the Defendants instead file a motion, the court and parties would find themselves in the same situation contemplated in the prior Order (*i.e.*, engaging contemporaneously in extensive discovery and dispositive motions practice). Far too much effort has been expended by the parties, the Special Master, and the court to allow the discovery process to be derailed at this late stage.

As for the Defendants' potential counterclaims and additional defenses occasioned by the amendments, the undersigned finds counsels' stated concerns inconsistent with their prior representations that the new claims were already part of the lawsuit and would not delay discovery. *See* discussions *supra*. The court specifically relied on those representations in overruling the Defendants' prejudice objections, and the Plaintiffs' more recent protestations ring hollow.

In sum, the court acted with leniency in allowing the Plaintiffs to amend their pleadings nearly seventeen months into this case and on the heels of substantial efforts to appoint a special master and proceed with the parties' extensive and oft-contested discovery. The court extended similar leniency regarding the Defendants' obligation to plead or otherwise respond, both for the sake of fairness and to prevent ongoing discovery from being bogged down through protracted dispositive motions practice.[1]

---

[1] Notably, fact discovery was well underway when the Plaintiffs' sought leave to amend. *See, e.g.*, text-Order dated Sept. 4, 2007 (ordering briefing on numerous discovery disputes).

Finally, the Plaintiffs' recent claims of prejudice account for neither these considerations nor counsels' prior representations that the new claims would leave discovery largely unaffected.

For all of these reasons, the Plaintiffs' Motion (**Doc. 186**) is **DENIED**.

IT IS SO ORDERED.


February 6, 2008
                                                  *Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge

cc:

Cynthia E. Kernick, Esq.
Kirsten R. Rydstrom, Esq.
Theodore R. Remaklus, Esq.
Susan B. Flohr, Esq.
Timothy D. Pecsenye, Esq.
Dennis P. McCooe, Esq.
Charles R. Wolfe, Esq.
Emily J. Barnhart, Esq.
Marc E. Weitzman, Esq.
Clay P. Hughes, Esq.
David G. Oberdick, Esq.