IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN EAGLE OUTFITTERS, INC. and RETAIL ROYALTY COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>LYLE & SCOTT LIMITED and HARRIS WATSON INVESTMENT LIMITED,<br><br>Defendants. | Case No. 2:06-cv-00607-ARH |

### **MEMORANDUM ORDER**

Plaintiffs filed a Notice of Intention to Seek Compensatory Damages (Doc. 311) which the Court will treat as a motion to seek compensatory damages.[1]  For the reasons set forth below, the motion will be denied.

Previously, this Court held that our prior disposition of Plaintiffs' motion for summary judgment "resolve[d] all other aspects of this litigation." (Doc. 249 at 43).  Those "other aspects" included, inter alia, Plaintiffs' prayer for relief for "compensatory damages for the failure by LS to perform the January 9, 2006 coexistence agreement." (Doc. 99 at 18, ¶ D).

In contrast to Plaintiffs' current position, they very recently took the position that the case now pending before this Court is one for purely equitable relief and, thus, requires a decision by the Court and not a jury, and that the issue of compensatory damages had "dropped from the case

---

[1] In the interest of judicial economy, the Court has determined to treat the "Notice" as a motion rather than to accord Plaintiffs leave to re-file the document as a motion, as they requested. Doc. 311 at n.1.

nearly a year ago" and that Plaintiffs' decision to accept the Court's summary judgment determination and entry of final judgment "terminated [Plaintiffs'] claim for damages." (Doc. 308 at 3). Plaintiffs have not offered any explanation for what Defendants have termed an "about-face" (Doc. 312 at 2) nor have Plaintiffs cited to any authority in support of their current position that they are entitled both to equitable and legal relief, i.e., specific performance and damages.

Lastly, the Court of Appeal for the Third Circuit remanded the case for purposes of a jury's interpretation of "the contract's provisions discussing the respective registration rights of the parties." 2009 WL 2902250, at * 11 (3d Cir. Sept. 11, 2009). There was no appellate argument, decision or remand on the issue of compensatory damages.

Accordingly, this 29th day of December, 2009, IT IS HEREBY ORDERED that the Plaintiffs' motion to seek compensatory damages (Doc. 311) is DENIED.

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

cc:    All counsel of record by Notice of Electronic Filing